The Honorable Ben McGee State Representative P.O. Box 240 Marion, AR 72364
Dear Representative McGee:
This is in response to your request for an opinion on several questions concerning the adoption of a Crittenden County ordinance entitled "An Ordinance Making an Amendment to the 1991 Budget and Making Appropriations for 1992 for Crittenden County, Arkansas."
You state that prior to a vote on this Ordinance, a motion was made to delete from the Ordinance certain proposals for specific funding of several departments of county government for 1992, including a 7.5% raise for all elected county officials. The motion was duly seconded. The vote on the motion was: three abstentions, three yeas and five nays. You state that all eleven Quorum Court members were present. The County Judge, as chair, ruled that the motion failed. A vote was then taken on the above-referenced Ordinance, and the result was eight yeas and three nays. The Chair ruled that the Ordinance passed with the required two-thirds vote on one reading.
Your specific questions in this regard are restated and answered below in the order posed.
 1. Whether the County Judge was correct in holding that the motion to exclude the proposed 7.5% raise for elected county officials from the 1992 budget failed?
It is my opinion that the answer to this question is "yes." The three "yea" votes on the motion were not sufficient for passage. You state that all eleven of the quorum court members were present at the meeting. The requirement of a quorum for conducting legislative affairs of the county was thus clearly met. See A.C.A. § 14-14-904(f) (Cum. Supp. 1991). A quorum is the minimum number of members necessary to conduct business. Section 14-14-904(f) requires that there be at least a majority of the whole number of justices comprising the quorum court. A motion requires a majority vote of the "whole number of justices comprising a quorum" for passage. A.C.A. § 14-14-904(h) (Cum. Supp. 1991). The whole number comprising the quorum in this instance was eleven. Thus, a vote of six "yeas" was necessary for passage of the motion. You state that there were three "yeas" and five "nays" on the vote on the motion. The motion therefore failed.
 2. What constitutes a majority vote needed for passage when you have three persons abstaining out of eleven present on an ordinance, a resolution and a motion?
The vote requirements for passage of an ordinance, resolution and motion are as follows: ordinances and resolutions require a majority vote of the whole number of members elected to the quorum court (six votes in this case) (A.C.A. §§ 14-14-905(c) (1987) and 14-14-904(h) (Cum. Supp. 1991)); motions require a majority vote of the whole number of justices comprising a quorum, which would also be six in this case (see discussion above) (A.C.A. § 14-14-904(h) (Cum. Supp. 1991)). These majority vote requirements are unaffected by the number of members abstaining. There will simply be no vote reflected as to those members.
 3. Whether the Ordinance could be passed on one reading as an appropriation ordinance pursuant to A.C.A. § 14-14-907(d)?
You note, with regard to this question, that the Ordinance in issue amended certain appropriations in the 1991 budget, as well as making appropriations for 1992. You state that the question has arisen as to whether § 14-14-905 or § 14-14-907(d) applies to amendments to appropriation ordinances.
A quorum court may, in accordance with A.C.A. § 14-14-907, "adopt, amend, or repeal an appropriation ordinance which incorporates by reference the provisions of any county budget or portion of a county budget, or any amendment thereof. . . ." Subsection (e) of § 14-14-907 reflects legislative intent for amendments to appropriation ordinances to be enacted in the same manner as appropriation ordinances. This subsection states:
 The passage of appropriation ordinances or amendments to existing appropriation ordinances enacted without separate readings shall require a two-thirds (2/3) vote of the whole number of justices comprising a quorum court.
This provision clearly envisions the passage of amendments to appropriation ordinances without separate readings. It is therefore my opinion that § 14-14-907(d) applies to amendments to appropriation ordinances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh